# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A. MICHAEL De CESARE,<br>DORLENE De CESARE,<br><br>  Plaintiffs,<br><br>  v.<br><br>MONICA DIAZ, CITY OF MADERA.<br><br>  Defendants, | 1: 13 CV 00371 SKO<br><br>SCHEDULING ORDER (Fed.R.Civ.P 16)<br><br>Initial Disclosures: 7/18/2013<br><br>Expert Disclosures: 12/31/2013<br><br>Rebuttal Disclosures: 1/29/2014<br><br>Discovery Deadlines:<br>    Non Expert: 12/31/2013<br>    Expert: 2/28/2014<br><br>Non-Dispositive Motion Deadlines:<br>    Filing: 3/3/2014<br><br>Dispositive Motion Deadlines:<br>    Filing: 4/7/2014<br><br>Settlement Conference:<br>    2/25/2014 at 9:30<br>    Courtroom 9<br><br>Pre-Trial Conference:<br>    7/16/2014 at 2:00 p.m.<br>    Courtroom 7<br><br>Trial: 9/9/2014 at 8:30 a.m.<br>    Courtroom 7 (3-5 days) |

This Court conducted a scheduling conference on June 18, 2013.  Counsel John Edward Kerley, Jr., Esq., appeared telephonically on behalf of Plaintiffs.  Counsel Joel Brent Richardson, Esq., appeared telephonically on behalf of Defendants.  Pursuant to Fed. R. Civ. P. 16(b), this Court sets a schedule for this action.

1

1. **Current Status of Consent to the Magistrate Judge Jurisdiction**

   Pursuant to 28 U.S.C. § 636(c), the parties have consented to conduct all further proceedings in this case, including trial, before the Honorable Sheila K. Oberto, U.S. Magistrate Judge.

2. **Amendment to the Parties' Pleadings**

   The parties do not anticipate any amendments to the pleadings at this time. Any motions or stipulations requesting leave to amend the pleadings must be filed by no later than 8/1/2013. The parties are advised that filing motions and/or stipulations requesting leave to amend the pleadings by 8/1/2013 does not reflect on the propriety of the amendment or imply good cause to modify the existing schedule, if necessary. All proposed amendments must (A) be supported by good cause pursuant to Fed. R. Civ. P. 16(b) if the amendment requires any modification to the existing schedule, *see Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992), and (B) establish, under Fed. R. Civ. P. 15(a), that such an amendment is not (1) prejudicial to the opposing party, (2) the product of undue delay, (3) proposed in bad faith, or (4) futile, *see Foman v. Davis*, 371 U.S. 178, 182 (1962).

3. **F.R.Civ.P. 26(a)(1) Initial Disclosures**

   Initial disclosures shall be completed on or before 7/18/2013.

4. **Discovery Cutoffs and Limits**

   The parties are ordered to complete all discovery pertaining to non-experts on or before 12/31/2013 and all discovery pertaining to experts on or before 2/28/2014.

   The parties are directed to disclose all expert witnesses, in writing, on or before 12/31/2013, and to disclose all rebuttal experts on or before 1/29/2014. The written designation of retained and non-retained experts shall **be made pursuant to Fed. R. Civ. P. Rule 26(a)(2), (A), (B) and (C) and shall include all information required thereunder.** Failure to designate experts in compliance with this order may result in the Court excluding the testimony or other evidence offered through such experts that are not disclosed pursuant to this order.

   The provisions of Fed. R. Civ. P. 26(b)(4) and (5) shall apply to all discovery relating to experts and their opinions. Experts must be fully prepared to be examined on all subjects and opinions included in the designation. Failure to comply will result in the imposition of sanctions,

which may include striking the expert designation and preclusion of expert testimony.

The provisions of Fed. R. Civ. P. 26(e) regarding a party's duty to timely supplement disclosures and responses to discovery requests will be strictly enforced.

**5.    Pre-Trial Motion Schedule**

   a.    Non-Dispositive Pre-Trial Motions

Unless prior leave of the Court is obtained, all moving and opposition briefs or legal memorandum in civil cases before Judge Oberto shall not exceed twenty-five (25) pages. Reply briefs by the moving party shall not exceed ten (10) pages. These page limitations do not include exhibits. Briefs that exceed this page limitation, or that are sought to be filed without leave, may not be considered by the Court.

All non-dispositive pre-trial motions, including any discovery motions, shall be filed by no later than 4:00 p.m. on 3/3/2014 and heard on or before 4/2/2014. Non-Dispositive motions are heard on Wednesdays at 9:30 a.m., before the Honorable Sheila K. Oberto, United States Magistrate Judge in Courtroom 7. In scheduling such motions, the parties shall comply with Local Rule 230. **Counsel must comply with Local Rule 251 with respect to discovery disputes or the motion will be denied without prejudice and dropped from calendar.** The Magistrate Judge may grant applications for an order shortening time pursuant to Local Rule 144(e). However, if counsel does not obtain an order shortening time, the notice of motion *must* comply with Local Rule 251. In addition to filing a joint statement electronically, a copy of the joint statement shall also be sent to Judge Oberto's chambers by email to SKOorders@caed.uscourts.gov.

Counsel may request to appear and argue non-dispositive motions by telephone, provided a written request to so appear is made to the Magistrate Judge's Courtroom Clerk no later than five (5) court days before the noticed hearing date and such request is granted. In the event that more than one counsel requests to appear by telephone, then it shall be the obligation of the moving part(ies) to arrange and originate a conference call to the court. Prior to filing a non-dispositive motion the parties are ORDERED to meet, in person or by telephone, and confer to discuss the issues to be raised in the motion.

b.  <u>Dispositive Pre-Trial Motions</u>

All dispositive pre-trial motions shall be filed no later than 4/7/2014 and heard no later than 5/19/2014, in Courtroom 7, before the Honorable Sheila K. Oberto, United States Magistrate Judge. In scheduling such motions, counsel shall comply with **Fed.R.Civ.P 56 and Local Rules 230 and 260**.

**Motions for Summary Judgment or Summary Adjudication:** Prior to filing a motion for summary judgment or motion for summary adjudication the parties are ORDERED to meet, in person or by telephone, and confer to discuss the issues to be raised in the motion.

The purpose of the meeting shall be to: 1) avoid filing motions for summary judgment where a question of fact exists, 2) determine whether the respondent agrees that the motion has merit in whole or in part, 3) discuss whether issues can be resolved without the necessity for briefing, 4) narrow the issues for review by the court, 5) explore the possibility of settlement before the parties incur the expense of briefing a summary judgment motion, and 6) arrive at a joint statement of undisputed facts.

The moving party shall initiate the meeting and provide a draft of the joint statement of undisputed facts. **In addition to complying with the requirements of Local Rule 260, the moving party shall file a <u>joint statement</u> of undisputed facts**.

In the notice of motion, the moving party shall certify that the parties have met and conferred as ordered above or set forth a statement of good cause for the failure to meet and confer.

**6.   Pretrial Conference**

The pretrial conference is set for 7/16/2014 at 8:30 a.m. in Courtroom 7 before the Honorable Sheila K. Oberto, United States Magistrate Judge.

The parties are ordered to file a **Joint Pretrial Statement pursuant to Local Rule 281(a)(2).** The parties are further directed to submit a digital copy of their pretrial statement in Word Perfect format, directly to Judge Oberto's chambers by email at SKOorders@caed.uscourts.gov.

The parties' attention is directed to **Rules 281 and 282 of the Local Rules** of Practice for the

Eastern District of California, as to the obligations of counsel in preparing for the pre-trial conference. The Court will insist upon strict compliance with those rules. In addition to the matters set forth in the Local Rules, the Joint Pretrial Statement shall include a Joint Statement of the case to be used by the Court to explain the nature of the case to the jury during voir dire.

At the pretrial conference, the Court will set deadlines, among others, to file motions in limine, final witness lists, exhibits, jury instructions, objections, and other trial documents.

**7.     Trial Date**

Trial is set for 9/9/2014 at 8:30 a.m. in Courtroom 7 before the Honorable Sheila K. Oberto, United States Magistrate Judge.

   a.     This is a Jury trial.
   b.     Parties' estimate of trial time: 3-5 days.
   c.     The parties' attention is directed to Local Rules of Practice for the Eastern District of California, Rule 285 for preparation of trial briefs.

**8.     Settlement Conference**

A Settlement Conference is scheduled for 2/25/2014 at 9:30 a.m. in Courtroom 9 before the Honorable Stanley A. Boone, United States Magistrate Judge. Unless otherwise permitted in advance by the Court, **the attorneys who will try the case** shall appear at the Settlement Conference **with the parties** and the person or persons having **full authority** to negotiate and settle the case **on any terms**[1] at the conference.

At least five (5) court days prior to the Settlement Conference, the parties shall submit, directly to Judge Boone's chambers by e-mail to SABorders@caed.uscourts.gov, a ***Confidential Settlement Conference Statement***. The statement **should not be filed** with the Clerk of the Court

---

[1] Insurance carriers, business organizations, and governmental bodies or agencies whose settlement agreements are subject to approval by legislative bodies, executive committees, boards of directors or the like shall be represented by a person or persons who occupy high executive positions in the party organization and who will be directly involved in the process of approval of any settlement offers or agreements. To the extent possible, the representative shall have the authority, if he or she deems it appropriate, to settle the action on terms consistent with the opposing party's most recent demand.

**or served on any other party**; however, the parties are **required to file** their Notice of Submission of Confidential Settlement Conference Statement (See Local Rule 270(d)).  Each statement shall be clearly marked "CONFIDENTIAL" with the date and time of the Settlement Conference indicated prominently thereon.   The parties are urged to request the return of their statements if a settlement is not achieved, and if such a request is not made, the Court will dispose of the statement.

      The Confidential Settlement Conference Statement shall include the following:

    a.    A brief statement of the facts of the case,

    b.    A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims are founded, a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses, and a description of the major issues in dispute,

    c.    A summary of the proceedings to date,

    d.    An estimate of the cost and time to be expended for further discovery, pretrial and trial,

    e.    The relief sought, and

    f.    The party's position on settlement, **including present demands and offers and a history of past settlement discussions, offers and demands.**

      This Court will vacate the settlement conference if the Court finds the settlement conference will be neither productive nor meaningful to attempt to resolve all or part of this case.  As far in advance of the settlement conference as possible, a party shall inform the Court and other parties that it believes the case is not in a settlement posture so the Court may vacate or reset the settlement conference.  Otherwise the parties shall proceed with the settlement conference in good faith to attempt to resolve all or part of the case.

**9.**    **Requests for Bifurcation, Appointment of Special Master, or Other Techniques to Shorten Trial**

      Not applicable at this time.

**10.    Related Matters Pending**

There are no pending related matters.

**11.    Compliance with Federal Procedure**

All parties are expected to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of Practice of the Eastern District of California, and to keep abreast of any amendments thereto. The Court must insist upon compliance with these Rules if it is to efficiently handle its increasing case load and sanctions will be imposed for failure to follow the Rules as provided in both the Federal Rules of Civil Procedure and the Local Rules of Practice for the Eastern District of California.

**12.    Effect of this Order**

This order represents the best estimate of the court and counsel as to the agenda most suitable to dispose of this case. The trial date reserved is specifically reserved for this case. If the parties determine at any time that the schedule outlined in this order cannot be met, counsel are ordered to notify the court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent status conference.

**The dates set in this Order are considered to be firm and will not be modified absent a showing of good cause even if the request to modify is made by stipulation. Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate, attached exhibits, which establish good cause for granting the relief requested.**

The failure to comply with this order may result in the imposition of sanctions.

IT IS SO ORDERED.

**Dated:    June 24, 2013**              /s/ Sheila K. Oberto
                                          UNITED STATES MAGISTRATE JUDGE