# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A. MICHAEL DE CESARE, et al., | Case No. 1:13-cv-00371-SKO |
| Plaintiffs, | **ORDER DENYING WITHOUT PREJUDICE STIPULATED REQUEST TO AMEND THE SCHEDULE** |
| v. | |
| MONICA DIAZ, et al., | (Docket No. 17) |
| Defendants. | |
| _____/ | |

## I.  INTRODUCTION

On December 31, 2013, the parties filed a stipulated request to modify the scheduling order ("Stipulation"). (Doc. 17.) The parties are seeking to extend the non-expert discovery deadline from December 31, 2013, to February 28, 2014, modify the expert disclosure deadline "to occur on or before the fifteenth day following the completion of non-expert depositions with disclosure of rebuttal experts 10 days after expert disclosures," and modify the expert discovery deadline to "30 days after the disclosure of expert witness information." (Doc. 17, 2:1-6.) The parties' proposed order indicates that "[t]he Scheduling Order shall remain unmodified in all other aspects." (Doc. 17, 4:12.)

## II.  DISCUSSION

As an initial matter, the Stipulation indicates that the parties are requesting an extension because they "wish to take the depositions of all parties to this proceeding during the month of

1  February to better accommodate the schedule of all parties." (Doc. 17, 1:24-25.)  The Court
2  issued the Scheduling Order in this case on June 24, 2013, establishing a non-expert discovery
3  deadline of December 31, 2013. (Doc. 16.)  The parties have not indicated any reason as to why
4  discovery could not have been completed by the deadline or why an additional two months is
5  needed to conduct the depositions.  As such, the parties have not provided good cause for a
6  schedule modification, and the request for an extension cannot be granted.

7  Second, while the parties seek to extend the non-expert discovery deadline to a specific
8  date -- February 28, 2014 -- the extensions sought concerning expert discovery are not specific.
9  Instead, the parties seek to extend the expert disclosure deadline to on or before 15 days past the
10 completion of the non-expert deposition, with rebuttals due 10 days after the expert disclosures
11 and the expert discovery deadline extended to 30 days after the disclosure of expert witnesses.
12 These proposed deadlines are ambiguous and the exact deadlines difficult to determine, since the
13 Court would not be aware of dates when the parties make the above referenced disclosures, and
14 thus would not be able to track when the respective 15 day, 10 day, and 30 day clocks would begin
15 to run.  Accordingly, the parties need to propose specific dates for these deadlines.

16 Lastly, the Stipulation only seeks to extend the current non-expert and expert discovery
17 deadlines, and the expert disclosure deadlines. (Doc. 17.)  Unfortunately, the dates proposed by
18 the parties conflict with the other deadlines currently set in the scheduling order.  (*See* Doc. 16.)
19 For example, the requested expert disclosure and discovery deadlines would occur after the current
20 non-dispositive motion filing deadline of March 3, 2014, and dispositive motion filing deadline of
21 April 7, 2014.  As such, the Court infers from the Stipulation that the non-dispositive and
22 dispositive motion filing deadlines must also be modified.  Although any changes to the motion
23 filing dates would also necessitate changes to the pretrial conference and trial dates, the parties fail
24 to request any modifications to any of these dates.  Additionally, the parties fail to address whether
25 they are seeking a continuance of the settlement conference currently set for February 25, 2014.

26 While the Court is willing to accommodate the parties' request for a modified schedule,
27 provided the parties can show good cause for a schedule modification, the Court cannot adopt the
28 dates proposed in the Stipulation.  If the parties wish to re-file their request for an extension of the

schedule, they should propose a schedule that provides specific dates for the expert disclosure and the expert discovery deadlines, and, if necessary, propose specific dates for the filing and hearing dates of non-dispositive and dispositive motions, the pre-trial conference date, and the trial date. Specifically, the parties should propose dates that maintain at least six (6) weeks between the hearing date for the dispositive motions and the pretrial conference as well as at least six (6) weeks between the date of the pretrial conference and the trial date.  Further, to allow adequate time for the Court to consider any dispositive motions, it is recommended that the parties allow approximately six (6) weeks between the dispositive motion filing deadline and the dispositive motion hearing date.  The parties should also address whether a continuance of the settlement conference is requested.

### III.   CONCLUSION AND ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. The parties' stipulated request to modify the scheduling order is DENIED WITHOUT PREJUDICE; and
2. The parties may renew their request by proposing a schedule that comports with the specifications set forth above.

IT IS SO ORDERED.

Dated:   **January 6, 2014**                           /s/ Sheila K. Oberto
                                        UNITED STATES MAGISTRATE JUDGE